IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEBL, INC. and<br>JEFFREY DANN, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 04-12482 RGS<br><br><br>**ANSWER**<br><br>DEMAND FOR JURY TRIAL |

Defendant American Medical Systems, Inc. ("AMS") responds to the Complaint of Plaintiffs NEBL, Inc. and Jeffrey Dann, M.D. (collectively "Plaintiffs") as follows:

1. AMS admits the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. AMS is without sufficient information to admit or deny the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

3. AMS admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. In response to paragraph 4 of Plaintiffs' Complaint, AMS admits that Plaintiffs purport to bring an action arising under 35 U.S.C. § 256, contract law and unjust enrichment. AMS specifically denies that there is any basis for Plaintiffs' claims and AMS specifically denies that Plaintiffs are entitled to any relief whatsoever from AMS, either as requested or otherwise. AMS denies the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

5. In response to paragraph 5 of Plaintiffs' Complaint, AMS admits that the Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), but AMS is without sufficient information to admit or deny whether 28 U.S.C. § 1332(a) applies,

since AMS does not know whether the matter in controversy exceeds the sum or value of $75,000.

### COUNT I (Breach of Contract)

6. AMS incorporates its responses to paragraphs 1 through 5 of Plaintiffs' Complaint as if fully restated in this section.

7. In response to paragraph 7 of Plaintiffs' Complaint, AMS admits that on December 3, 1997, an AMS representative signed a document titled "Confidential Disclosure Agreement." AMS is without sufficient information to admit or deny the remaining allegations of paragraph 7.

8. AMS denies the allegations in paragraph 8 of Plaintiffs' Complaint.

9. AMS denies the allegations in paragraph 9 of Plaintiffs' Complaint.

10. AMS is without sufficient information to admit or deny the allegations of paragraph 10 of Plaintiffs' Complaint

11. AMS denies the allegations in paragraph 11 of Plaintiffs' Complaint.

### COUNT II (Failure to Name an Inventor of the '977 Patent)

12. AMS incorporates its responses to paragraphs 1 through 11 of Plaintiffs' Complaint as if fully restated in this section.

13. AMS denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14. AMS is without sufficient information to admit or deny that a copy of the '977 patent is attached to Plaintiffs' Complaint as Exhibit B. AMS denies the remaining allegations in paragraph 14 of Plaintiffs' Complaint.

### COUNT III (Failure to Name an Inventor of the '450 Patent)

15. AMS incorporates its responses to paragraphs 1 through 14 of Plaintiffs' Complaint as if fully restated in this section.

16. AMS denies the allegations in paragraph 16 of Plaintiffs' Complaint.

17. AMS is without sufficient information to admit or deny that a copy of the '450 patent is attached to Plaintiffs' Complaint as Exhibit C. AMS denies the remaining allegations in paragraph 17 of Plaintiffs' Complaint.

### COUNT IV (Failure to Name an Inventor of the '807 Patent)

18. AMS incorporates its responses to paragraphs 1 through 17 of Plaintiffs' Complaint as if fully restated in this section.

19. AMS denies the allegations in paragraph 19 of Plaintiffs' Complaint.

20. AMS is without sufficient information to admit or deny that a copy of the '807 patent is attached to Plaintiffs' Complaint as Exhibit D. AMS denies the remaining allegations in paragraph 20 of Plaintiffs' Complaint.

### COUNT V (Unjust Enrichment)

21. AMS incorporates its responses to paragraphs 1 through 20 of Plaintiffs' Complaint as if fully restated in this section.

22. AMS denies the allegations in paragraph 22 of Plaintiffs' Complaint.

23. AMS denies the allegations in paragraph 23 of Plaintiffs' Complaint.

24. AMS denies the allegations in paragraph 24 of Plaintiffs' Complaint.

25. AMS denies the allegations in paragraph 25 of Plaintiffs' Complaint.

## GENERAL DENIAL

AMS denies each and every allegation, matter, statement, and thing contained in Plaintiffs' Complaint, except as may be specifically admitted, qualified, or otherwise answered herein. AMS further denies that Plaintiffs are entitled to any relief whatsoever from AMS, either as requested in its Relief Requested or otherwise..

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that AMS did not breach the Confidential Disclosure Agreement dated December 3, 1997.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that all obligations of AMS under the Confidential Disclosure Agreement dated December 3, 1997, terminated on December 3, 2000.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that Plaintiffs failed to meet conditions of the Confidential Disclosure Agreement dated December 3, 1997, in particular, to the extent that Plaintiffs failed to comply with paragraph 1 of the Agreement by failing to deliver Confidential Information to AMS in writing and stamped or marked "Confidential" on the cover page thereof, and by failing to confirm in writing within fifteen days of oral disclosure of Confidential Information.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that AMS has no liability to the extent that the "obligations of AMS of non-disclosure and the limitation upon the right to use the Confidential Information shall not apply to the extent that AMS can demonstrate that the Confidential Information is: (a) in the possession or control of AMS prior to the time of disclosure hereunder; (b) at the time of disclosure or thereafter becomes public knowledge through no fault or omission of AMS; (c) lawfully obtained by AMS from a third party under no obligation of confidentiality to NEBL; or (d) was independently derived by AMS without using the Confidential Information," pursuant to paragraph 4 of the Confidential Disclosure Agreement dated December 3, 1997.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that the inventorship of the '977 patent is correct, and therefore Plaintiffs are not entitled to relief under 35 U.S.C § 256.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that the inventorship of the '450 patent is correct, and therefore Plaintiffs are not entitled to relief under 35 U.S.C § 256.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that the inventorship of the '807 patent is correct, and therefore Plaintiffs are not entitled to relief under 35 U.S.C § 256.

### NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense to the claims alleged in Plaintiffs' Complaint, AMS states that AMS has not been unjustly enriched, and therefore Plaintiffs are not entitled to relief based on any unjust enrichment claim.

### JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AMS demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, AMS respectfully requests that this Court:

1. dismiss Plaintiffs' claims with prejudice;

2. award AMS its attorney fees, costs, and disbursements; and

3. grant AMS such other and further relief as may be just and appropriate.

Respectfully Submitted,

AMERICAN MEDICAL SYSTEMS, INC.

By its attorneys,

_____
Stephen L. Coco (BBO# 561169)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street
25th Floor
Boston, MA 02199-7610
Phone: (617) 267-2300
Fax: (617) 267-8288
slcoco@rkmc.com

Word 35023065.1

OF COUNSEL
Jake M. Holdreith
Misti N. Nelc
Jeffrey D. Gram
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Ave.
Minneapolis, MN 55402
Phone: (612) 349-8500
Fax: (612) 339-4181



Dated: April 19, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **ANSWER** was served by messenger this 19th day of April, 2005, on the following:

Matthew B. Lowrie
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, Eleventh Floor
Cambridge, MA  02142

_____
Stephen L. Coco

Word 35023065.1