**LOWRIE, LANDO & ANASTASI, LLP**
*Devoted to Intellectual Property Law*

Matthew B. Lowrie
mlowrie@ll-a.com
direct dial 617-395-7003

June 9, 2005

Hon. Richard G. Stearns
United States District Court
  For the District of Massachusetts
1 Courthouse Way
Boston, MA 02210

      Re:    NEBL, Inc. and Jeffrey Dann, M.D. v. American Medical Systems, Inc.
             Civil Action No.: 04-cv-12482 (RGS)
             Our File No.: N2004-6000

Dear Judge Stearns:

      After reviewing the Electronic Clerk's Notes regarding the scheduling conference that were entered by the Court yesterday, after we filed our letter to the Court of June 7, 2005, we agreed to send and did send the NEBL, Inc. videotape by overnight mail to counsel for defendant American Medical Systems ("AMS").

      Unfortunately, due to the timing of the phone calls exchanged between counsel, AMS was not aware of this agreement prior to preparing its letter of June 8, 2005 to the Court. As such, NEBL submits that the issues raised in the first two paragraphs of AMS's letter are now moot.

      The last paragraph of AMS's letter to the Court remains pertinent. AMS objects to NEBL's request for the following documents as "irrelevant to plaintiffs' claim":

      A.    Documents in AMS's possession, custody or control, from before January 23, 2001 (the date of AMS's first provisional patent application, which appears in the priority claims of the patents-in-suit), sufficient to show the research, development, and/or design process of the devices described in that provisional patent application, including all correspondence related to that work (from before January 23, 2001) with the named inventors for the patents-in-suit.

      B.    Documents in AMS's possession, custody or control, from before January 23, 2001, sufficient to show the decision-making process with respect to researching or developing any device or kit for implanting vaginal slings, whether with the Plaintiffs or with the named inventors on the patents-in-suit.



Hon. Richard G. Stearns
June 9, 2005
Page 2

     Not only do these requests for development documents come within the broad scope of what constitutes relevance in federal court, but they are narrowly tailored specifically to NEBL's claims. NEBL seeks only at this point to determine what it is that AMS claims to have independently developed with respect to implanting vaginal slings, which is precisely the core issue in this case.

     Not only does AMS claim that NEBL's requests are irrelevant, but AMS notes that it will not produce the development documents until it "finishes gathering, preparing, and finalizing its document production." NEBL requires the Court's assistance in ordering that AMS produce the development documents as outlined in paragraphs A and B above.

                            Sincerely,

                             LOWRIE, LANDO & ANASTASI, LLP

                             Matthew B. Lowrie

MBL/EAB/cdd
Enclosure

cc:    Jake M. Holdreith, Esq.
        Jeffrey G. Gram, Esq.
        Misti Nelc, Esq.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEBL, INC. and<br>JEFFREY DANN, M.D.,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.,<br><br>      Defendant. | Civil Action No.: 04-cv-12482 (RGS) |

## [PROPOSED] ORDER FOR THE
## PRODUCTION OF AMS'S DEVELOPMENT DOCUMENTS

Following the discussion that took place with counsel during the June 6, 2005 scheduling conference:

1.    Defendant American Medical Systems, Inc. ("AMS") is ordered to produce to Plaintiffs NEBL, Inc. and Jeffrey Dann, M.D. (collectively "NEBL") the following documents, at the offices of Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, Eleventh Floor, Cambridge, MA 02142.

    A.    Documents in AMS's possession, custody or control, from before January 23, 2001 (the date of AMS's first provisional patent application, which appears in the priority claims of the patents-in-suit), sufficient to show the research, development, and/or design process of the devices described in that provisional patent application, including all correspondence related to that work (from before January 23, 2001) with the named inventors for the patents-in-suit.

    B.    Documents in AMS's possession, custody or control, from before January 23,

2001, sufficient to show the decision-making process with respect to researching or developing any device or kit for implanting vaginal slings, whether with the Plaintiffs or with the named inventors on the patents-in-suit.

2. The materials above shall be served within two weeks of the date of service of the NEBL videotape.

So Ordered

_____
Richard G. Stearns, Judge, U.S.D.C.