IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NEBL, INC. and
JEFFREY DANN, M.D.,

        Plaintiffs,

v.

AMERICAN MEDICAL SYSTEMS, INC.,

        Defendant.

Civil Action No. 04-cv-12482 (RGS)

## ~~[PROPOSED]~~ STIPULATION AND PROTECTIVE ORDER

It is understood by the parties hereto that some of the information which is or will be encompassed by discovery demands made by an opposing party may constitute trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure, and

WHEREAS, each of the parties believes that it would serve its interest to conduct discovery under a protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure,

THEREFORE, it is hereby stipulated, subject to the approval of the Court, that:

1.     This stipulation and protective order (the "Order") shall apply to all information, documents and things subject to discovery in this action, which are owned or controlled by a party and believed in good faith by that party to contain its trade secrets or other confidential research, development, or commercial information, including, but not limited to, deposition testimony, answers to interrogatories, documents produced voluntarily, pursuant to Rule 34, or in

response to a subpoena, information obtained from inspection of premises or things pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36.

2.  Any party, person, or entity that is subject to discovery in the Action may designate as "Confidential—Attorneys' Eyes Only" any files, documents, deposition testimony, and information furnished by that party in the course of pretrial discovery in the Action, or any papers, briefs, or other documents filed in connection with a motion, which such party believes in good faith constitutes or reveals confidential, non-public business or personal information.

3.  The designation by party of any document, material or information as "Confidential—Attorneys' Eyes Only" shall constitute a representation that such document, material or information has been reviewed by the party, person, or entity (a "Producing Party") and that there is a good faith basis for such designation. Notwithstanding the foregoing, a Producing Party's inadvertent failure to designate material "Confidential—Attorneys' Eyes Only" in accordance with the terms of this paragraph will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation. At any time after the production of documents or information that the Producing Party considers to be "Confidential—Attorneys' Eyes Only," the Producing Party or person may make a written request that specifically identifies the documents or information and ask that they be designated and treated as "Confidential—Attorneys' Eyes Only." The receiving party shall immediately designate the identified documents or information accordingly and from then on will treat the documents or information as such.

4.  "Confidential—Attorneys' Eyes Only" materials will be used by the receiving parties solely for purposes of preparing for and conducting the litigation and any hearing or trial of the Action, for settlement purposes in connection with the Action, and any appellate proceedings in the Action.

5. Any documents or other tangible materials designated as "Confidential—Attorneys' Eyes Only" shall be so designated by stamping the same with the legend "Confidential—Attorneys' Eyes Only," or a substantially similar legend, at the time of their production.

6. Any deposition or other testimony may be designated as "Confidential—Attorneys' Eyes Only" by any one of the following means:

    (a) stating orally on the record of a deposition that certain information or testimony is "Confidential—Attorneys' Eyes Only" or that the entire deposition transcript is so designated; or

    (b) sending written notice within ten (10) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential—Attorneys' Eyes Only."

7. Discovery materials designated as "Confidential—Attorneys' Eyes Only" shall not be disclosed by the party receiving such materials to persons other than:

    (a) this Court or any other Court exercising appellate jurisdiction with respect to the determinations of this Court (collectively, the "Court"), court officials and employees and stenographers transcribing testimony or argument at a hearing, trial or deposition in the Action or any appeal;

    (b) any person engaged to act as a mediator in this action;

    (c) counsel to the parties in the Action who have entered appearances in the Action, and attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

    (d)    clerical and data-processing personnel not regularly employed by such counsel, but involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery materials to the extent reasonably necessary to assist such counsel in these proceedings;

    (e)    any jurors and alternative jurors;

    (f)    any person who authored or received the confidential information;

    (g)    any expert or consultant; and

    (h)    any other person to whom the parties agree in writing.

8.    Each person to whom disclosure is made pursuant to paragraphs 7(g) and (h) shall be given a copy and shall sign a declaration, a copy of which is attached hereto as Exhibit A, agreeing that he or she is bound by the terms of this Order.

9.    Any "Confidential—Attorneys' Eyes Only" materials or pleadings or other papers containing "Confidential—Attorneys' Eyes Only" materials shall be filed with the Clerk of the Court in sealed envelopes. The Clerk of the Court is directed to maintain the confidentiality of any documents and transcripts of testimony filed in accordance with the above. Where possible, only "Confidential—Attorneys' Eyes Only" portions of the filings with the Court shall be filed under seal.

10.    If any party objects to the designation of any discovery materials as "Confidential—Attorneys' Eyes Only," that party shall state the objection by letter to the party or to counsel for the party making such designation. If the parties are then unable to resolve the objections, any party may move the Court to do so. Until the court rules on any such motion, the discovery materials shall continue to be deemed "Confidential—Attorneys' Eyes Only" under the terms of this Order. In any court proceeding regarding "Confidential—Attorneys' Eyes

Only" information, the burden shall be on the party contesting the claim to demonstrate that any document or information is not "Confidential—Attorneys' Eyes Only."

11. Nothing herein shall prevent any Person from seeking, by written agreement of the parties hereto or court order, further, greater, or lesser protection with respect to the use of any "Confidential—Attorneys' Eyes Only" materials in connection with this Action.

12. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of the Action. Nothing herein shall constitute a waiver of any claim of privilege or other protection from discovery. Nothing herein shall be construed to limit in any way any party's use of its own "Confidential—Attorneys' Eyes Only" materials.

13. Within sixty (60) days after the Producing Party's reasonably detailed request therefore and after the final termination of the Action and any appeals, counsel shall return all Confidential—Attorneys' Eyes Only materials and copies (including excerpts and summaries) thereof to the Producing Party, or, in lieu thereof, certify in writing that such "Confidential—Attorneys' Eyes Only" materials have been destroyed, except that counsel may retain documents reflecting any work product, copies of Court filings and official transcripts and exhibits, provided said retained documents and the "Confidential—Attorneys' Eyes Only" information contained therein will continue to be treated as provided in this Order.

14. If any party (or its counsel) receives a subpoena or other compulsory process demanding documents or information, or material designated as "Confidential—Attorneys' Eyes Only" by any other party, that party or counsel shall give notice to the party so designating the information, document, or material at least fourteen (14) days prior to the return date of the subpoena or other compulsory process, or, if the subpoena or other compulsory process has a return date of less than fourteen (14) days, notice shall be given to the designating person in

writing by telephone as soon as possible but in no event later than seventy-two (72) hours prior to the return date. Absent court order to the contrary, or a pending legal application to the Court by the designating party seeking protection from disclosure of its documents designated "Confidential—Attorneys' Eyes Only", the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date. If a designating party instead intends to make application to the Court for such protection they must notify the subpoenaed party of said pending application as soon as practicable.

15.   The inadvertent production of any document or other disclosure of information that the Producing Party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or information disclosed or as to any other document or information relating thereto. Within a reasonable time, the Producing Party shall give notice to the receiving party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned to the Producing Party within fourteen (14) days of such demand, unless the receiving party objects to the claim of privilege, the claim of privilege, the claim of inadvertent production and/or the reasonableness of the notice given, in which case the receiving party and the producing person shall attempt to resolve the dispute. If the dispute is not resolved, the Producing Party may move the Court for a protective order. In the event the Producing Party makes such a motion, the Producing Party shall have the burden to demonstrate the applicability of the privilege claimed and the Producing Party's notification of inadvertent production. Any documents or information as to which notice has been given shall be deemed and treated as

privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the receiving party and the Producing Party otherwise agree.

16.   Nothing herein shall preclude any party from applying to this Court for an order modifying this Order, or shall preclude any modification of this Order with the consent of all parties hereto.

17.   This Order shall be applicable to discovery provided by any third-party witnesses who agree in writing to be subject to and bound by the terms of this Order. Any Person may move the Court for a modification of or relief from this Order at any time upon notice to all parties.

SO STIPULATED

| AMERICAN MEDICAL SYSTEMS, INC., | NEBL, INC. |
|---|---|
| By Its Attorneys | By Its Attorneys |
| /s/Misti N. Nelc | /s/Emily A. Berger |
| Stephen L. Coco (BBO# 561169) | Matthew B. Lowrie (BBO# 563414) |
| slcoco@rkmc.com | mlowrie@LL-A.com |
| ROBINS, KAPLAN, MILLER & CIRESI, LLP | Emily A. Berger (BBO# 650841) |
|  | eberger@LL-A.com |
| 800 Boylston Street, 25th Floor | LOWRIE, LANDO & ANASTASI, LLP |
| Boston, Massachusetts 02199-7610 | One Main Street |
| Phone: (617) 267-2300 | Cambridge, MA 02142 |
| Fax: (617) 267-8288 | Phone: (617) 395-7000 |
|  | Fax: (617) 395-7070 |

OF COUNSEL
Jake M. Holdreith
Misti N. Nelc
Jeffrey D. Gram
ROBINS, KAPLAN, MILLER &
CIRESI, LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
Phone: (612) 349-8500
Fax: (612) 339-4181


Date: _____June 8, 2005_____        Date: _____June 8, 2005_____


SO ORDERED

Date: 6-17-05                        _R.S. Stearns, USDJ_

# EXHIBIT A

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order dated _____, 2005, executed by the attorneys of record for the parties in the action presently pending in the United States District Court for the District of Massachusetts entitled <u>NEBL, Inc. and Jeffrey Dann, M.D. v. American Medical Systems, Inc.</u>, Civil Action No. 04cv12482 (RGS), understands that terms thereof, and agrees, upon threat of penalty of contempt of court, to be bound by such terms. The undersigned understands that the terms of said Stipulation and Protective Order obligate him/her to use discovery materials designated CONFIDENTIAL—Attorneys' Eyes Only solely for the purpose of the above-captioned action, not to disclose any such confidential information to any other person, firm or concern; and to return or destroy it on completion of the litigation or when requested by the person providing the materials to the undersigned.

Name: _____

Job Title _____

Employer: _____

Business Address: _____

Date: _____   _____
Signature

MP3 20137781.1