IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

NEBL, INC. and
JEFFREY DANN, M.D.,

         Plaintiffs,

v.

AMERICAN MEDICAL SYSTEMS, INC.,

         Defendant.
_____

Civil Action No.: 04-12482RGS

**DEFENDANT AMERICAN MEDICAL SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THIRD-PARTY NASHOBA VALLEY MEDICAL CENTER TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA**

**INTRODUCTION**

Defendant American Medical Systems, Inc. ("AMS") hereby requests this Court to grant its Motion to Compel Third-Party Nashoba Valley Medical Center ("Nashoba Valley") to Produce Documents Responsive to Subpoena, brought pursuant to Federal Rules of Civil Procedure 37 and 45, and Rule 37.1 of the Local Rules for the District of Massachusetts. By its motion, AMS makes a narrowly-focused request for an order compelling Nashoba Valley to produce the same collection of medical records it previously produced pursuant to AMS's third-party document subpoena, this time without redacting the dates on the medical records, because the dates on the medical records, including the dates of the medical procedures described therein, are highly relevant to some of AMS's defenses in this case. This motion should be granted for the reasons set forth below.

MP3 20168588.1

- 2 -

**FACTUAL BACKGROUND**

Plaintiffs NEBL, Inc. and Jeffrey Dann M.D. ("Plaintiffs") brought a lawsuit in the District Court of Massachusetts against Defendant AMS, alleging claims for breach of contract, failure to name an inventor on three United States Patents owned by AMS, and unjust enrichment. (Gram Decl., Ex. A, Pls. Compl. dated November 23, 2004.)  Plaintiffs made a general allegation that they provided AMS with confidential information relating to methods and devices for implanting vaginal slings for the treatment of female urinary incontinence under a confidential disclosure agreement between the parties dated December 3, 1997, and that AMS somehow misused that information.  (*Id*. at ¶¶ 7, 8, 12, 15, 18, 21).  In a letter to AMS, Plaintiffs further allege that "Dr. Dann disclosed a device and a method for implanting a vaginal sling by inserting the tool through the abdomen and pulling the sling up, rather than attempting to insert the sling from below" and that "Dr. Dann even sent a video of the procedure to AMS."  (Gram Decl., Ex. A, Plaintiffs' Letter.)

After AMS made several attempts to understand the basis for Plaintiffs' claims, the Court ordered Plaintiffs to produce the videotape to AMS.  (Gram Decl., Ex. B, June 6, 2005, Electronic Clerk's Notes.)  After viewing the videotape, AMS repeatedly requested that Plaintiffs identify the doctor who performed the procedure on the videotape.  (Gram Decl., Ex. C, E-mail.) Plaintiffs eventually identified the doctor as Dr. Sergei Bogojavlensky.  (Gram Decl., Ex. D, Berger's E-mail.)

Based on Plaintiffs' representation, on October 24, 2005, AMS served a document subpoena on a third-party hospital, Nashoba Valley, at which AMS believed Dr. Bogojavlensky practiced.  (Gram Decl., Ex. E, Subpoena.).  The subpoena requested, in relevant part, any operative notes and any other records of the performance of a transabdominal vaginal sling

procedure for implanting a vaginal slings by Dr. Bogojavlensky from January 1, 1995, through December 5, 1997, with "all confidential patient information redacted."  (Gram Decl., Ex. E, Attachment A to Subpoena at ¶ 2.)  After AMS granted an extension of time for Nashoba Valley to comply with the subpoena, Nashoba Valley produced a total of forty medical records for procedures performed by Dr. Bogojavlensky.  (Gram Decl. at ¶ 9.)  Two of the forty medical records are attached as Exhibits F and G for the Courts' reference.  In its document production, Nashoba Valley redacted a host of confidential patient information that AMS does not seek, including patient names, addresses, employers, social security numbers, and insurance policy numbers.  (*see, e.g.* Gram Decl., Ex. F at NH00395).  However, among the redactions, Nashoba Valley also redacted the dates on the medical records, including the dates on which the medical operations were performed.  (*See e.g.* Gram Decl., Ex. F at NH00407, Ex. G at NH00897, Operative Reports.)

On or about January 16, 2006, counsel for AMS telephoned Nashoba Valley's counsel and asked that Nashoba Valley again produce the documents, this time without redacting the dates on the medical records, while leaving all other redactions in place.  (Gram Decl. at ¶ 12.)  Nashoba Valley's counsel responded that it could not properly disclose dates of service under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and recommended that AMS obtain a court order, which would authorize Nashoba Valley to properly disclose that information. (Gram Decl., Ex. H, Email.)  On or about January 24, 2006, counsel for AMS again telephoned Nashoba Valley's counsel to attempt to resolve the matter.  (Gram Decl. at  ¶ 14.)  Nashoba Valley's counsel again responded that while Nashoba Valley would like to cooperate, it would need a court order to comply with AMS's request because of its concern regarding HIPAA requirements.  (Gram Decl. at ¶ 15.)  This Motion seeks such an order.

# ARGUMENT

The relief AMS seeks here is narrow. AMS merely seeks the production of the same medical records Nashoba Valley has already identified, redacted and produced, this time without redacting the dates on the medical records, while leaving all other redactions in place.

The dates on the medical records are highly relevant to AMS's defense that the medical procedure allegedly disclosed by Dr. Dann to AMS was publicly known and had been performed by Dr. Bogojavlensky several times Dr. Dann's disclosure of any information to AMS. Of particular importance among the now-redacted dates is the "date of operation" listed on the Operative Reports, which are medical records that describe the medical procedure performed by Dr. Bogojavlensky (*See, e.g.* Ex. F at NH407, Ex. G at NH897, Operative Reports.) The dates on the medical records, including the dates on the Operative Reports, are highly relevant to AMS's defenses and should therefore be ordered by this Court to be disclosed by Nashoba Valley in its document production.

Further, disclosure of the dates will cause no conceivable harm to the patients who underwent the procedures reflected in the records. AMS seeks the dates on the medical records for the limited purpose of establishing its defenses and for no other purpose. AMS does not seek the disclosure of patient names or any other patient-identifying information. In addition, any concerns that Nashoba Valley may have regarding the confidentiality of the information disclosed on the medical records may be addressed by an appropriate confidentiality designation as provided in the Protective Order entered in this case (Gram Decl., Ex. I at ¶ 2, Protective Order.)

Moreover, Nashoba Valley has expressed its willingness to cooperate with AMS's limited request so long as the Court issues an order compelling it to do so. (Gram Decl. at ¶ 15.)

- 4 -

- 5 -

Nashoba's stated concern is that it cannot properly disclose "dates of service" under HIPAA without the protection of a court order. (Gram Decl., Ex. H and ¶ 15.) Indeed, HIPAA provides that otherwise-protected health information may be disclosed pursuant to "an order of a court." 45 C.F.R. § 164.512(e)(1). An order should be issued under Fed. R. Civ. P. 37 and 45 and Local Rule 37.1, granting AMS's motion to compel Nashoba Valley to produce the medical records it previously produced, without redacting the dates on the medical records, while leaving all other redactions in place.

## CONCLUSION

For the foregoing reasons, Defendant American Medical Systems, Inc. respectfully requests that the Court issue an order pursuant to Fed. R. Civ. P. 37 and 45 and Local Rule 37.1 granting AMS's Motion to Compel Third-Party Nashoba Valley Medical Center to produce the medical records it previously produced pursuant to AMS's document subpoena, without redacting the dates on the medical records, including the dates of operation on the Operative Reports.

Dated:  February 22, 2006        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.


By:      /s/ Jeffrey D. Gram          
   Jake M. Holdreith  (*pro hac vice*)
   Misti Nelc  (*pro hac vice*)
   Jeffrey D. Gram  (*pro hac vice*)
   2800 LaSalle Plaza
   800 LaSalle Ave.
   Minneapolis, MN 55402
   (612) 349-8500

   Stephen L. Coco (BBO# 561169)
   Robins, Kaplan, Miller & Ciresi LLP
   800 Boylston Street, 25th Floor
   Boston, MA  02199
   ATTORNEYS FOR DEFENDANT
   AMERICAN MEDICAL SYSTEMS

- 6 -

MP3 20168588.1

- 7 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing:

**DEFENDANT AMERICAN MEDICAL SYSTEMS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THIRD-PARTY NASHOBA VALLEY MEDICAL CENTER TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA**

was served this 22th day of February, 2006, on the following:

**Via U.S. Mail**
Michael R. Costa
Greenberg Traurig, LLP
One International Plaza, 20th Floor
Boston, MA 02110
Counsel for Nashoba Valley Medical Center

**Via Electronic Filing**
Matthew B. Lowrie
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, Eleventh Floor
Cambridge, MA 02142
**emailservice@LL-A.com**
Counsel for Plaintiffs
Dr. Dann and NEBL

        /s/ Jeffrey D. Gram
Jeffrey D. Gram
Counsel for Defendant American Medical Systems