IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEBL, INC. and<br>JEFFREY DANN, M.D.,<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN MEDICAL SYSTEMS, INC.,<br><br>      Defendant. | Civil Action No.:  04-cv-12482 (RGS) |

**DECLARATION OF CARLA MIRIAM LEVY
IN SUPPORT OF EMERGENCY MOTION TO EXTEND SCHEDULE**

I, Carla Miriam Levy, declare as follows:

I am an attorney with the law firm of Lowrie, Lando & Anastasi, LLP, and counsel for the plaintiffs, NEBL, Inc. and Jeffrey Dann, M.D. (collectively, "NEBL"), in this action.  I make this declaration in support of Plaintiffs' Emergency Motion to Extend Schedule.

1. This case is an action for breach of contract, unjust enrichment by misuse of confidential information, and correction of inventorship of three patents.  In this action, plaintiffs allege, *inter alia*, that in December, 1997, defendant American Medical Systems, Inc. ("AMS") received, under a confidentiality agreement, information from Dr. Dann regarding a surgical kit and procedure that he had developed for the treatment of stress urinary incontinence in women.  NEBL further contends that AMS misused that information in developing its SPARC line of products for surgical treatment of female urinary incontinence.

2. Dr. Roger Dmochowski is a physician prominent in the field of feminine urinary incontinence and was asked to testify as an expert witness on several aspects of the case. Dr. Dmochowski has been performing surgical procedures to treat female urinary incontinence since 1989, and estimates that he has performed well over 1000 such procedures. He serves as the President of the Society for Female Urology and Urodynamics, and as Chair of the Practice Parameters and Guidelines Committee of the American Urological Association, as well as serving on a number of other committees of national professional organizations.

3. I contacted Dr. Dmochowski on or around June 12, 2006, to discuss whether he would be able to consult and testify for NEBL on this matter. At that time, he informed me that he was not aware of any conflict of interest that would prevent him from consulting or testifying for plaintiffs. I described the surgical kit and procedure that Dr. Dann had provided to AMS in 1997, and Dr. Dmochowski indicated that he believed Dr. Dann's ideas were novel at the time they were provided to AMS.

4. On June 13, 2006, I provided Dr. Dmochowski with documents, testimony, and other information relating to this case. Subsequently, I traveled to Nashville, Tennessee, to meet with him, provided him with further documents and information, and discussed the substance of his opinion during that meeting and by telephone on several occasions. On no occasion did Dr. Dmochowski suggest that he was aware of any conflict of interest that would prevent him from testifying for plaintiffs.

5.  In the course of these discussions, Dr. Dmochowski informed me that he was prepared to offer a very favorable opinion for NEBL. He informed me that his opinion was that it was highly likely that the development of AMS's SPARC product line was influenced by the information Dr. Dann had supplied to AMS under his confidentiality agreement, and that the information Dr. Dann had supplied to AMS had significant impact on the derivation of those products.

6.  On the morning of September 15, 2006 (today), in a telephone conference, Dr. Dmochowski again discussed his opinions with me and with Matthew Lowrie, a partner at this law firm. Dr. Dmochowski again expressed an opinion that was very favorable to NEBL, stating again that in his opinion it was highly likely that the development of AMS's SPARC product line was influenced by Dr. Dann's ideas, and that Dr. Dann's ideas AMS had a significant impact on the derivation of those products. I made arrangements with him for finalizing and signing his expert report over the weekend.

7.  Shortly before 2:00 PM that same day – just one business day before the deadline for the exchange of opening expert reports – Dr. Dmochowski sent me an email stating that "after careful[] thought and subsequent consultation with my attorney I [feel] it is best to withdraw from this action. I am concerned regarding conflict of interest issues which I am advised are insurmountable." See September 15, 2006 email from Roger Dmochowski to Carla M. Levy, attached hereto as Exhibit A.

Subscribed to and sworn by me under penalty of perjury that the foregoing is true and correct.

Dated:  September 15, 2006                                         /s/ Carla Miriam Levy
                                                                                    Carla Miriam Levy

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the foregoing UNOPPOSED EMERGENCY MOTION FOR ADDITIONAL TIME TO SERVE EXPERT REPORTS was filed through the ECF system and will be sent electronically to the registered participants, including those persons listed below, this 15th day of September, 2006.

      Stephen L. Coco (slcoco@rkmc.com)
      ROBINS, KAPLAN, MILLER & CIRESI, LLP
      800 Boylston Street, 25th Floor
      Boston, Massachusetts 02199

      Jake M. Holdreith (jmholdreith@rkmc.com)
      Misti Okerlund (mnokerlund@rkmc.com)
      Christopher Seidl (caseidl@rkmc.com)
      Michelle Livingston (mrlivingston@rkmc.com)
      Lila Zimmerman (lmzimmerman@rkmc.com)
      Jeanne Westerlund (jawesterlund@rkmc.com)
      ROBINS, KAPLAN, MILLER & CIRESI, LLP
      2800 LaSalle Plaza
      800 LaSalle Avenue
      Minneapolis, Minnesota 55402-2045

Dated:  September 15, 2006            /s/ Carla Miriam Levy
                                                     Carla Miriam Levy

# EXHIBIT A

## Carla M. Levy

**From:** Dmochowski, Roger [roger.dmochowski@Vanderbilt.Edu]
**Sent:** Friday, September 15, 2006 1:51 PM
**To:** Carla M. Levy
**Subject:** Re: Dr. Dann v. AMS - telephone call

Sender **ALLOWED** [ Remove ] [ Block ]   details
Vanquish Anti-Spam Control Panel

Dear Ms Levy. After carefule thought and susbesquent consultation with my attorney I fell it is best to withdraw from this action. I am concerned regardiung conflict of interest issues which I am advised are insurmountable

---------------------------
Sent from my BlackBerry Wireless Handheld